24CA1090 Dollinger v CDOC 04-10-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1090
Crowley County District Court No. 22CV30
Honorable Samuel S. Vigil, Judge

Shawn D. Dollinger,

Plaintiff-Appellant,

v.

Executive Director of Colorado Department of Corrections and Warden of
Crowley County Correctional Facility,

Defendants-Appellees.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE PAWAR
Grove and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 10, 2025

Shawn D. Dollinger, Pro Se

Hall & Evans, L.L.C., Andrew D. Ringel, Jeffrey D. Clarke, Denver, Colorado,
for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1 Plaintiff, Shawn D. Dollinger, appeals the district court's order denying his motion for an extension of time to appeal the magistrate's order. The district court denied the motion as untimely. We agree with Dollinger that the motion was timely. We therefore reverse and remand with directions.

¶ 2 Dollinger, an incarcerated inmate, filed a pro se complaint under C.R.C.P. 106.5 against defendants, the executive director of the Colorado Department of Corrections and the warden of the prison in which Dollinger was incarcerated. The complaint challenged Dollinger's Code of Penal Discipline (COPD) conviction.[1]

¶ 3 A magistrate affirmed the COPD conviction on July 9, 2023, in a written order. Under the applicable rules, Dollinger had twenty-one days from the date the magistrate's order was mailed to him to either appeal the order or request an extension of time in which to appeal it. *See* C.R.M. 7(a)(5)-(6).

¶ 4 The record shows that the magistrate's order was mailed to Dollinger on July 12, 2023. This made Dollinger's deadline August 2, 2023.

---

[1] The substance of the COPD conviction and the grounds of the complaint are not relevant to the resolution of this appeal.

¶ 5     The district court ruled that Dollinger's motion for extension of time was untimely because it was filed on August 7, 2023. It is true that the district court received the motion on August 7. But the record shows that Dollinger placed his motion in the legal mail system at his correctional facility on August 2, 2023, the last day of the twenty-one-day window. This means that Dollinger's motion was timely filed. *See* C.R.C.P. 5(f) ("[A] pleading or paper filed or served by an inmate confined to an institution is timely filed or served if deposited in the institution's internal mailing system on or before the last day for filing or serving."). We conclude that the district court erred by holding otherwise.

¶ 6     The district court's order is reversed, and the case is remanded to the district court with directions to rule on the merits of Dollinger's motion for extension of time and conduct any further proceedings that are appropriate and consistent with this opinion.

    JUDGE GROVE and JUDGE BERNARD concur.